HUGH JEFFERSON OHLER JR.

No. 32,017. June 8, 1960

Appellant's Motion for Rehearing Overruled October 12, 1960

*C. C. Divine,* Houston, for appellant.

*Dan Walton,* District Attorney, *Samuel H. Robertson, Jr., Gus J. Zgourides,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge

The conviction is for the possession of heroin with two prior convictions. for felonies less than capital alleged for enhancement; the punishment, life.

From inside a garage, officers saw the appellant leave his house and enter an automobile, and then go to a point within a few feet of them, place his hand through a fence and pick up a cellophane package. He opened the package and placed two capsules in his right hand and closed and retained the package in his left hand. When he started toward the automobile the officers stopped him and took the two capsules from his right hand. Appellant then said to one of the officers: "You just as well have this other," and handed him the package he had in his left hand which contained three capsules.

The state's witness, Floyd E. McDonald, chemist and toxicologist, for the Houston Police Department, testified that the five capsules contained heroin, a narcotic drug.

Proof was introduced by the state of the two prior convictions alleged and that the appellant was the same person named in each of the previous judgments of conviction.

Appellant while testifying stated that when the automobile stopped in front of his house that he went to the automobile and that the person driving the automobile asked him to go to the fence and get the cellophane package saying it contained barbiturates. The appellant identified the capsules introduced in evidence as those he picked up at the fence, but said he thought they were "yellow jackets" and not heroin. He further testified that he was the same person as the one named in the two prior convictions alleged for enhancement.

The complaint that appellant's arrest was illegal shows no

error because he identified and admitted while testifying that he had the contraband in his hands when arrested, although he said he thought it was barbiturates instead of heroin.

Error is urged on the ground that the appellant was forced to testify before the jury. He took the stand in the absence of the jury and contends that it was for the purpose of making certain proof in perfecting a bill of exception. When the trial judge directed that the jury be returned to the jury box appellant's attorney asked that the appellant be withdrawn but upon request of the state's attorney he remained on the witness stand. Then appellant asked if it was the "court's ruling that the defendant CAN testify at this time." To which the court answered "yes, counsel," and appellant's attorney stated "note our exception." *No objection was made at any time that the appellant was being forced or compelled to testify.* Upon examination by the state the appellant testified in substance as shown above. Then appellant was examined fully before the jury by his attorney concerning all the facts and circumstances showing his connection with the contraband as previously shown by his testimony in the jury's absence.

The record further shows that later during the trial in the presence of the jury and without objection the following occurred: "The defendant having previously testified in his own behalf, after having been duly sworn was recalled by the state for further cross-examination, and testified as follows:" that he had been previously convicted of offenses of misdemeanor theft.

The record warrants the conclusion that the appellant was not compelled to testify on the trial of the case.

The other contentions presented have been carefully considered and they do not show error.

Finding the evidence sufficient to support the conviction the judgment is affirmed.

Opinion approved by the Court.